## Wynn v. Wilson.

(Decided Jan. 16, 1934.)

THURMAN B. DIXON for appellant.
N. F. HARPER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

T. R. Wilson, who owned a tract of land on which W. A. Wynn held an oil and gas lease, brought this action against Wynn to recover damages for the negligent operation of the lease. The principal item of damage was for the injury to a spring alleged to have been caused by oil flowing from a well which had not been properly plugged after the casing had been removed. Damages were also sought for injury to a portion of his land, and to a fruit tree, alleged to have been caused by permitting a pit to become full of oil and flow over the land, and also by leak in the pipe line. From a judg-

ment in favor of Wilson for $350, Wynn has prayed an appeal.

As there were three items of damage, one to the spring, one to the land, separate and apart from the spring, and the other to the fruit tree, we think appellant's motion to itemize the damages should have been sustained to the end that appellant might know in advance the different claims made and be prepared to meet them, and in order that the court might be able to determine whether there was sufficient evidence of negligence as to each item to take the case to the jury.

It is evident that the injury to the land and the fruit tree played but a small part in the verdict of the jury, and that the verdict was principally based on the injury to the spring. On this question there was evidence that one of the oil wells had not been properly plugged after the casing was removed some five or six years ago, and that some time later oil was found in the spring. However, it appears that the spring was several hundred feet distant from the well, and neither appellee nor any of his witnesses testified that they ever saw water or oil flowing into the spring or seeping into the ground near the spring. On the contrary, when asked the direct question as to how the oil got into the spring, they all said that they did not know. Not only so, but there was evidence that one of the springs on the farm had oil in it long before the Wynn lease was executed, and that no oil was found in the spring in question until after it had been cleaned out.

It is evident that Palmer Corporation v. Collins, 214 Ky. 838, 284 S. W. 95, is not controlling. There Collins had no trouble with the water until the wells were abandoned, and when they were plugged the trouble ceased. That is not the situation here. Under the evidence it is just as probable that the oil or water came from another source as from the abandoned well, thus presenting a case where all that the jury could do was to indulge in surmise or speculation. Where that is the case the evidence is not sufficient to take the case to the jury, and appellant's motion for a peremptory instruction as to the injury to the spring should have been sustained. Everman's Adm'r v. L. & N. R. Co., 219 Ky. 478, 293 S. W. 977; Poll v. Patterson, 178 Ky. 22, 198 S. W. 567, 568.

Wherefore, the motion for an appeal is sustained, and the judgment reversed, and cause remanded for a new trial consistent with this opinion.